Seward, J.
(orally).
The case of William E. Bloom v. City of Newark is submitted to the court upon a general demurrer to the petition. The petition alleges that the city of Newark is a municipal corporation; that it maintains and owns a certain park known as the Count House Park; that around this Court House Park is a pavement, and that on the inside of the pavement are certain iron seats used by the public for rest and repose on certain occasions; that it had in its employ John P. Lederer 'as a custodian and care-taker of said park and' grounds; that his duties were to keep the park clean, the pavement clean and free from objectionable articles; that Bloom was sitting on one of these seats on the inside of the pavement; that Lederer, while in the dis *481 charge of his duties and acting in his capacity as a care-taker and custodian, assaulted and beat the plaintiff with a club upon his refusal to leave or remove from one of the seats. He claims damages in the sum of $2,500.
The general demurrer interposed to this petition raises the question of whether, conceding these facts to be true, the plaintiff can recover. Is a municipal corporation liable for the results of an assault and battery committed by one of its employes or servants sustaining the relation to it (that Lederer sustained to this city at that time?
According to this petition, this was a tort committed upon the plaintiff by Lederer, who was then acting as care-taker and custodian of this park. The single question raised by the demurrer is -as to whether the city is liable in damages for such a tort by an employe or officer while engaged in the duties of his employment; and this question must be determined- from the nature of that employment. There -are two kinds of functions to be performed by a municipal corporation. One is where the municipality, for which the agent or servant is acting, is engaged in carrying out some governmental function. That is, such as is imposed or required for the protection 'and benefit of the general public, not having regard to any particular benefit to be dérived by the municipality as a corporate body or the citizens in their collective capacity outside of their relation to the sovereignty of the state; such, for instance, as the duty to preserve the peace and protect persons’and property. These are governmental functions, closely allied to the sovereignty of the state. The state demands that they shall be exercised, and the city can not be held liable for wrongs or torts resulting from their exercise. The other kind is where the power is exercised for the improvement of the territory within the.corporate limits, or the transaction of such business, or the doing of such things as inure to the benefit, pecuniarily or otherwise, of the municipality. In the latter ease, the municipality acts for itself and on its own responsibility and for the pecuniary interests of its citizens. The state may grant it the power to do these things, but it has no interest in the exercise of the power, and neither *482 demands nor insists upon its exercise. The state’s authority is merely permissive. In the latter ease, the municipality is liable for its ..ort. If Lederer comes within the latter class, then this demurrer must be overruled.
The defendant concedes in his brief filed in this ease the correctness of that proposition. The petition alleges that Lederer was employed as a custodian and care-taker of the park, and that he committed the assault while engaged in the employment and in furtherance of its object. Is the city while engaged in maintaining and caring for a park exercising a governmental function for and on behalf of the state. The state gives it the power to lay out and maintain parks, but that authority is permissive only, to be exercised or not as the city sees fit. And, therefore, the state has no interest in the power so exercised by the city. If Lederer was acting for the city, as is alleged, and the city, through him, was merely attempting to beautify and make more attractive the grounds, then the city would be liable for the acts of Lederer under such employment; and if a person in his individual capacity would be liable, under such circumstances, then the city would be liable; and on that proposition I cite a case in the 42d Ohio State, 625. I do not think this was cited in the brief of counsel, although a very excellent and exhaustive brief was filed. This is the case of Robinson v. Greenville—a suit brought for damages by Robinson against the city of Greenville. It is decided by Judge Okey. I read the third branch of the syllabus:
“In relation to power and privileges which are to be exercised by a municipal corporation for the improvement of the territory within the corporate limits, and as to which the pecuniary and proprietary interests of individuals are represented, the liability of the corporation for negligence is largely, if not entirely, measured by the liability of individuals for similar acts; but with respect to police powers, such as suppressing riots and unlawful assemblages, such corporation is, in the absence of statutory provision to the contrary, the agent of the state, and not liable for a failure to perform or negligence in performing-duties in that particular imposed by statute.”
Judge Okey, on page 628, says (this is not a case on all fours with the case at bar) :
*483 “ In an action against a municipal corporation to recover damages for an injury to the person, sustained by reason of the negligence of the agents of such corporation, it is important to ascertain with precision the duty which such agents failed to perform or performed negligently. For, although such corporations derive all their powers from one source, namely, the Legislature, and necessarily perform their functions solely as agencies, yet there is a marked distinction as to their liability for acts of their agents, arising from the different characters in which the corporation is charged with the performance of duties. Thus, with respect to the power to suppress riots and assemblages of disorderly persons, it has been uniformly -held, in the absence of statutory provisions to the contrary, that the corporation is a mere agency of the state, - and not liable for negligence in the performance of such duties. Upon this principle it has been held that there is no corporate liability for the acts of a mob, although the charter contains this provision as to the duties of council, that ‘it shall be their duty to regulate the police of the city, preserve the peace, prevent riots, disturbances and disorderly assemblages.’ Then he quotes the 12th Ohio St., 375, which is cited in the brief of plaintiff’s counsel.
“Nor is such corporation liable to an individual for damages resulting from a failure to provide the necessary agencies for extinguishing fires, or for negligence of officers and others connected with the fire department, although the obligation to perform such duties is imposed by statute (Wheeler v. Cincinnati, 19 Ohio St., 19); nor is a city liable for failure to enforce an ordinance with respect to the storage of oils, although its agents had notice of the failure to observe the ordinance, and notwithstanding the fact that by reason of such non-observance, the property of a citizen o.f the corporation was destroyed.
“B.ut .concerning the powers and privileges which are to be exercised for the improvement of the territory within the corporate limits, and as to which the pecuniary and proprietary interests of individuals are represented, as the construction of a bridge, or placing water mains in a street, the liability of the corporation for negligence is largely, if not entirely, measured by the liability of individuals for similar acts. This principle was applied in Newark v. Fry, decided by this court March 2’2, 1881.” '
That is a ease of a fire on West Main street, which occurred by reason of the testing of a fire apparatus. Mr. Jones is familiar with that case. The Supreme Court held that, the city was liable.
*484 "The council of the city of Newark, being authorized to ‘guard against injuries by fire,’ and to purchase fire engines, etc., and all other apparatus and instruments as shall be deemed necessary to the extinguishment of fires.’ ”
The court held the city liable in that case. That case is referred to in 58 Ohio State, and they say, the principle announced in that case is not the law (Newark v. Fry)—substantially so. I refer to this case because it speaks of the different functions of a municipality. The court says:
"The ground on which the non-liability of municipal corporations is placed in such cases, is that the power conferred on them to establish a department for -the protection of its citizens from fire, is of a public nature, and liability for negligence in its performance does not attach to the municipality unless imposed by statute. The non-liability of the city in such cases rests upon the same reasons as does that of the sovereign exercising like powers; and are distinguished from those cases in which powers .-are conferred on cities for the improvement of their own territory and the property of their citizens. ‘It is obvious, says Gholson, J., 12 Ohio St., 375, that there is distinction between those powers delegated to municipal corporations to preserve the peace and protect person and property, whether to be exercised by legislation or the appointment of proper officers, and those powers and privileges which are to- be exercised for the improvement of the territory comprised within the limits of the corporation, and its adaptation to the purposes of residence and business. As to the first, the municipal corporation represents the state, discharging the duties incumbent on the state. As to the second, the municipal corporation represents the pecuniary and proprietary interests of individuals. As to the first, responsibility for acts done or omitted, it is governed by the same rule of responsibility which applies to like • delegation of powers; as to the second, the rules which govern the responsibility of individuals are properly applicable.’
"But it is claimed that the question of the city’s liability in this case is settled in this state by the case of Newark v. Fry. This is an unreported case, referred to by Okey, J., in delivering the opinion in Robinson v. Greenville, 42 Ohio St., 625, 629. It is not there referred to as an authority supporting the decision in that ease, for there the city was held not liable to a person injured by the discharge of a cannon in its streets' by an assemblage of disorderly persons, on the ground that the neglect *485 of a city to prevent such, assemblages is simply the neglect of a govermental duty. Newark v. Fry was’ referred to as a case falling within the rules of municipal liability for the acts of its agents. The act complained of was, as in this case, the testing of an apparatus for the extinguishment of fires, at which members of the city council were present. There was explosion from some very inflammable materials used to make a fire, which caused the injury complained of, and the city was held liable. What consideration was given to the ease, we do not know. It is not supported by any of the authorities, referred to; and it is so plainly contrary to the settled law upon the subject, as shown by the authorities, that we do not feel bound by it. ’ ’
Jones & Jones, J. Howard Jones and Wayne Collier, for plaintiff.
Phil B. Bmythe, for defendant.
Now, it has been held over and over again in Ohio, -that a private corporation is liable for the assaults of its servants. In one case, a railroad case, where a conductor was putting a passenger off of a car and assaulted him unnecessarily, the railroad company was held liable. Applying this to the decision in the 42d Ohio State, if the railroad company is liable in a case of that kind, or a private corporation, or an individual, would be liable under the same circumstances, then, according to the 42d Ohio State the city would be liable.
The court overrules this demurrer, and exceptions.